**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**EDWIN JAY HESSLEN**                                                                                      **PLAINTIFF**

**VS.**                                         **CASE NO. 5:16CV00149 PSH**

**NANCY A. BERRYHILL, Acting Commissioner,
   Social Security Administration**                                                     **DEFENDANT**

**ORDER**

Plaintiff Edwin Jay Hesslen ("Hesslen"), in his appeal of the final decision of the Commissioner of the Social Security Administration (defendant "Berryhill") to deny his claim for Disability Insurance benefits (DIB) and supplemental security income (SSI), contends the Administrative Law Judge ("ALJ") erred by performing a flawed analysis of Hesslen's credibility. The parties have ably summarized the medical records and the testimony given at the administrative hearing conducted on October 24, 2013. (Tr. 36-59). The Court has carefully reviewed the record to determine whether there is substantial evidence in the administrative record to support Berryhill's decision. 42 U.S.C. § 405(g). The relevant period for the purposes of this lawsuit is from the alleged onset date of June 20, 2007, through October 3, 2014, when the ALJ issued his decision.

An overview of the hearing testimony is helpful. Hesslen, who was 29 at the hearing, has a GED and no past relevant work, though he testified to working short stints at fast food restaurants and with a construction company. His last work attempt prior to the hearing was picking up trash at the fair. He worked this job less than one week – it ended when he missed a day due to a migraine

1

headache. Hesslen alleges his "severe migraines" prevent him from working. (Tr. 44). These headaches started in 2006 or 2007,[1] according to Hesslen, and occur 2-3 times a week. Hesslen stated he was taking no medications at the time of the hearing, and stated he had no money for medical care. Hesslen also testified to memory problems, sleep issues, ADD, ADHD, and depression. Hesslen was incarcerated during the relevant period, and stated that he received Elavil while in prison, a medication which helped with his sleep issues. He testified that a typical day for him included him looking for work. There was no testimony of any physical deficits for Hesslen, who weighed 300 pounds when he was examined in February 2014. (Tr. 459).

The ALJ asked a vocational expert to consider a hypothetical individual of Hesslen's age, education and work experience who could perform work at all exertional levels, could perform work where interpersonal contact was incidental to the work performed, the complexity of tasks is learned and performed by rote with few variables and little judgment, and where the supervision required is simple, direct, and concrete. The vocational expert testified that such a worker could perform the jobs of industrial cleaner, hand packer, and machine packager. (Tr. 55-56).

In his October 3, 2014 decision, the ALJ found Hesslen had the following severe impairments: history of open skull fracture, impulse control disorder, cognitive disorder, antisocial personality disorder, and polysubstance dependence, reportedly in sustained remission. The ALJ held Hesslen's statements about the limiting effects of his symptoms were "not entirely credible for the reasons explained in this decision." (Tr. 18). He also found Hesslen's residual functional capacity (RFC) precisely mirrored the limitations contained in the first hypothetical question posed

---

[1] Hesslen states the onset of his headaches coincided with a traumatic brain injury, which occurred in July 2007. (Tr. 322-354).

at the hearing. Relying upon the testimony of the vocational expert, the ALJ found Hesslen could perform work that exists in significant numbers in the national economy. Therefore, the ALJ concluded Hesslen was not disabled. (Tr. 13-22).

**Credibility analysis:** The ALJ, citing SSR 96-7p,[2] discounted Hesslen's credibility, citing the objective medical findings, the failure of Hesslen to seek treatment, the failure to comply with recommended treatment by two different physicians, and the absence of complaints of headaches while incarcerated in the Arkansas Department of Correction ("ADC"). (Tr. 18-20). Elsewhere in his decision, the ALJ found Hesslen had only mild restrictions in activities of daily living. (Tr. 16). Hesslen contends the credibility analysis is flawed, arguing the ALJ failed to take into account Hesslen's lack of resources. We find no merit in this argument.

The primary allegation of disability is Hesslen's claim of frequent, severe migraine headaches throughout the seven year relevant period. Such a serious alleged condition would typically compel a claimant to seek treatment by any conventional means. Here, however, Hesslen sought and obtained treatment once during the relevant period.[3] Failure to seek treatment may reflect on the seriousness of the medical problem. *Shannon v. Chater*, 54 F.3d 484 (8th Cir. 1995). In addition. Hesslen's claim of limited resources is not coupled with any evidence of record that he sought low cost or free medical care. *See, e.g., Tate v. Apfel*, 167 F.3d 1191 (8th Cir. 1999) and

---

[2] SSR 96-7p, which tracks the pertinent credibility factors set forth in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), has recently been superseded by SSR 16-3p. SSR 96-7p was in effect at the time the ALJ issued his decision and governs in this case.

[3] Hesslen contacted Western Arkansas Counseling and Guidance Center in December 2012, where it was recommended that he undergo a psychiatric evaluation or counseling. Hesslen failed to return for further treatment. (Tr. 416-436).

at the hearing. Relying upon the testimony of the vocational expert, the ALJ found Hesslen could perform work that exists in significant numbers in the national economy. Therefore, the ALJ concluded Hesslen was not disabled. (Tr. 13-22).

**Credibility analysis:** The ALJ, citing SSR 96-7p,[2] discounted Hesslen's credibility, citing the objective medical findings, the failure of Hesslen to seek treatment, the failure to comply with recommended treatment by two different physicians, and the absence of complaints of headaches while incarcerated in the Arkansas Department of Correction ("ADC"). (Tr. 18-20). Elsewhere in his decision, the ALJ found Hesslen had only mild restrictions in activities of daily living. (Tr. 16). Hesslen contends the credibility analysis is flawed, arguing the ALJ failed to take into account Hesslen's lack of resources. We find no merit in this argument.

The primary allegation of disability is Hesslen's claim of frequent, severe migraine headaches throughout the seven year relevant period. Such a serious alleged condition would typically compel a claimant to seek treatment by any conventional means. Here, however, Hesslen sought and obtained treatment once during the relevant period.[3] Failure to seek treatment may reflect on the seriousness of the medical problem. *Shannon v. Chater*, 54 F.3d 484 (8th Cir. 1995). In addition. Hesslen's claim of limited resources is not coupled with any evidence of record that he sought low cost or free medical care. *See, e.g., Tate v. Apfel*, 167 F.3d 1191 (8th Cir. 1999) and

---

[2] SSR 96-7p, which tracks the pertinent credibility factors set forth in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), has recently been superseded by SSR 16-3p. SSR 96-7p was in effect at the time the ALJ issued his decision and governs in this case.

[3] Hesslen contacted Western Arkansas Counseling and Guidance Center in December 2012, where it was recommended that he undergo a psychiatric evaluation or counseling. Hesslen failed to return for further treatment. (Tr. 416-436).

*Murphy v. Sullivan*, 953 F.2d 383 (8th Cir. 1992).  Finally, during the roughly two months that Hesslen was in the ADC and under its medical care he did not complain of migraine headaches and was not prescribed medication for them.  (Tr. 437-457).

With regard to the medical evidence, the ALJ thoroughly discussed the medical treatment, including the results of a consultative examination ordered by the ALJ.  The consultative examination, performed by neuropsychologist Dr. Patricia Walz ("Walz"), is the most informative medical record during the relevant period.  Walz evaluated Hesslen in September 2014, finding him to have low average range IQ, dysthymia, polysubstance dependence reportedly in remission, antisocial personality disorder, and a GAF of 60 to 65.  Walz reported Hesslen could drive, his social skills were fair, his speech was clear and intelligible, his attention and concentration were fair, he persisted well, and his speed of information processing was a bit slow.  (Tr. 379-384).  The ALJ assigned "great weight" to Walz's opinions.  The ALJ did not err in assessing Walz's findings, primarily because there is no medical evidence which detract from her conclusions.

While Hesslen would have the ALJ conclude he cannot keep a job because he cannot "catch on and keep the pace," the ALJ is not obliged to accept Hesslen's statement at face value.  The credibility analysis rightly focused on the findings in the medical records, the absence of treatment, the failure to comply with follow up when treatment was ongoing, and Hesslen's daily activities. The ALJ need not discuss each factor enumerated in *Polaski*, but should utilize the framework and emphasize the most influential factors based upon the facts before him.  This case is an example of the ALJ fairly weighing the relevant factors.  Substantial evidence supports the ALJ's credibility determination.[4]

---

[4] We also note that Hesslen's credibility was not greatly discounted, as he testified to being able to

In summary, we find the ultimate decision of Berryhill was supported by substantial evidence. We are mindful that the Court's task is not to review the record and arrive at an independent decision, nor is it to reverse if we find some evidence to support a different conclusion. The test is whether substantial evidence supports the ALJ's decision. *See, e.g., Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012). This test is satisfied in this case.

IT IS THEREFORE ORDERED that the final decision of Berryhill is affirmed and Hesslen's complaint is dismissed with prejudice.

IT IS SO ORDERED this 7th day of March, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

---

look for jobs daily and to occasionally obtain them. The severe impairments found by the ALJ (including impulse control disorder and antisocial personality disorder), as well as the limitations included in the hypothetical questions posed to the vocational expert (limited interpersonal contact, limited complexity of tasks, and simple supervision), are consistent with much of Hesslen's testimony.